IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.                                                     Criminal Action No.
                                                       5:08-CR-676 (NAM)
GAETAN DINELLE,

                    Defendant.

## DETENTION ORDER

On March 26, 2015, defendant made an initial appearance in this court on a criminal complaint [  ] or indictment [X]. On April 22, 2015, I held a detention hearing in accordance with 18 U.S.C. § 3142(f).[1]  At the conclusion of the hearing, I issued an oral order detaining defendant until trial and indicated that a written decision would follow. This is that decision.

### Part I - Grounds for Detention Hearing

__X__  A.  The Government requested the hearing; and
      B.  The case involves:

   ___    1.  A crime of violence as defined in 18 U.S.C. § 3156(a)(4), a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of ten years or more is prescribed; or

   _X_    2.  An offense for which the maximum sentence is life imprisonment or death; or

   _X_    3.  An offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 *et seq.*); or

   ___    4.  Any felony if defendant has been convicted of two or more offenses described in paragraphs 1 through 3 above, or two or more State or Local offenses that would have been offenses described in paragraphs 1 and 3 above if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

---

[1]  At his initial appearance, defendant waived an immediate detention hearing but reserved his right to request such a hearing in the future. By letter dated April 17, 2015, defendant's counsel formally requested that a detention hearing be scheduled. Dkt. No. 227.

___    5. Any felony that is not otherwise a crime of violence but that involves (1) a minor victim, (2) the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or (3) a failure to register under 18 U.S.C. § 2250; or

___ A. Either
  ___ 1. The Government requested the hearing; or
  ___ 2. The Court *sua sponte* found the hearing necessary; and
___ B. The case involves either:
  ___ 1. A serious risk that defendant will flee or
  ___ 2. A serious risk that defendant will obstruct justice, or threaten, injure or intimidate a prospective witness or juror.

## Part II - Description of Charge

The offense(s) charged was/were the following:

> Defendant is charged by indictment, with (1) conspiracy to distribute, and to possess with intent to distribute, in excess of 1,000 kilograms of marijuana (Count 1); (2) conspiracy to import in excess of 1,000 kilograms of marijuana into the United States from Canada (Count 2); (3) conspiracy to distribute marijuana, intending and knowing that the marijuana would be unlawfully imported into the United States; (Count 3); (4) possession with intent to distribute, and distribution, of marijuana, and aiding and abetting the distribution of marijuana (Counts 4-8); and (5) engaging in a continuing criminal enterprise (Count 9), in violation of 21 U.S.C. §§ 841, 848, 952, 959, 960 and 963, and 18 U.S.C. § 2.

## Part III - Pretrial Services Report

A. Pretrial Services did [X] or did not [  ] interview defendant.

  1. If Pretrial Services interviewed defendant, the Pretrial Services Report was oral [X] or written [X].[2]
  2. If the report was written, counsel did [X] or did not [  ] review that report.
  3. If counsel reviewed the report, they requested the following edits to the report:

        [NONE]

B. If there was a written Pretrial Services Report, this Order incorporates by reference the facts in that report, to the extent those facts are uncontroverted. If that report was

---

[2]    Prior to interviewing the defendant, the United States Probation Office prepared a written pretrial services report that necessarily contained information that was incomplete. Following an interview of the defendant, Senior United States Probation Officer Ellen Phillips supplemented that pretrial services report with an oral report to the court and counsel in chambers.

oral, the Court summarized on the record, and incorporates herein, the oral report of the Pretrial Services officer.

## Part IV - Presumption

A.  This is [X] or is not [   ] a case in which there arises a rebuttable presumption of flight [X] and/or danger [X], as described in 18 U.S.C. § 3142(e).[3]

B.  If this is a presumption case, the grounds for the presumption(s) are that either:

_____ 1. This is a case described in Part I.B.1.-5.; and the court finds that:

   ___ (a) Defendant has been convicted of a Federal offense that is described above in Part I.B.1.-5., or of a State or Local offense that would have been an offense described above in Part I.B.1.-5. if a circumstance giving rise to Federal jurisdiction had existed; and

   ___ (b) The offense described above in Part IV.B.1.(a) was committed while defendant was on release pending trial for a Federal, State or local offense; and

   ___ (c) A period of not more than five years has elapsed since the date of conviction, or the release of defendant from imprisonment, for the offense described above in Part IV.B.1.(a), whichever is later;[4] or

 _X_ 2. The court finds there is probable cause to believe that defendant committed:

   _X_ (a) An offense for which a maximum term of imprisonment of ten years or more is prescribed in one of the three statutes listed above in Part I.B.3.; or

   ___ (b) An offense under 18 U.S.C. §§ 924(c), 956(a) or 2332b; or

   ___ (c) An offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; or

   ___ (d) An offense involving a minor victim under 18 U.S.C. §§ 1201, 1591,

---

[3]     The court notes that, even in a presumption case, the Government retains the burden of proof by clear and convincing evidence as to danger, and by a preponderance of the evidence as to flight.

[4]     The court notes that, if these three conditions have been met, the presumption that arises is one of danger to the community. 18 U.S.C. § 3142(e)(1)-(3).

2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.[5]

C.  If this is a presumption case, the court finds that the presumption of flight was [  ] or was not [X] rebutted, and the presumption of danger was [  ] or was not [X] rebutted. The court reaches this conclusion after carefully considering any "rebuttal" evidence defense counsel proffered during the detention hearing, the entire record of which this order hereby incorporates by reference.

### Part V - Evaluation of Risk of Flight/Danger to the Community

In addition to considering the presumption issue, the court has weighed the four factors listed in 18 U.S.C. § 3142(g), including:

1.  The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

2.  The weight of evidence against defendant;

3.  The history and characteristics of defendant, including --

    (a) Defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (b) whether, at the time of the current offense or arrest, defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or Local law; and

4.  The nature and seriousness of the danger to any person or the community that would be posed by defendant's release.

Of particular importance to the court was the following:

> I find that the government has proven, by a preponderance of the evidence, that if released, defendant would represent a significant risk of flight or

---

[5]    The court notes that, if one of these four conditions has been met, the presumptions that arise are both a presumption of danger to the community and presumption of risk of flight. 18 U.S.C. § 3142(e).

non-appearance. I also find that the government has proven, by clear and convincing evidence, that the defendant would represent a danger to the community if released.

Addressing risk of flight, I note that the defendant is Canadian and proposes to reside in Canada while this prosecution is pending. Defendant has no ties to the Northern District of New York or, for that matter, the United States, and has offered no significant financial security that could guard against flight or non-appearance. I also note that, despite the pendency of charges against the defendant dating back to late 2008, he only recently appeared to answer those charges, and only after a protracted proceeding in which he vigorously contested efforts by the United States government to secure his extradition. These factors satisfy me that, if released, defendant would present a risk of flight.

Turning to danger, I acknowledge that defendant has no significant criminal history and there is no indication that violence or weapons were involved in the drug conspiracy alleged in the indictment. Nonetheless, the indictment alleges a massive scheme to import marijuana into the United States from Canada and distribute it into our community. According to the government, the strength of the evidence is strong and indicates that the defendant is one of the two top leaders in the continuing criminal enterprise alleged in the indictment. Based upon these factors, I conclude that if released, defendant would also represent a danger to the community.

Based on the court's careful consideration of these factors, and the remaining factors, it concludes that the Government has established that if released, the defendant would present a risk of flight [X] and/or a danger to the community [X].

## Part VI - Consideration of Alternative Conditions of Release

Having found that defendant presents a risk of flight and/or danger to the community, the court must determine whether, despite this risk and/or danger, there is any condition or combination of conditions that could reasonably ensure defendant's return to court and/or the safety of the community.[6] The court has carefully considered the alternatives to detention, but, in light of the findings set forth above, concludes that none of these alternatives are appropriate or will reasonably ensure defendant's return to court [X] and/or the safety of the community [X].

---

[6]     A list of some of the conditions available is set forth in 18 U.S.C. §§ 3142(c)(1)(B)(i)-(xiv).

**Part VII - Directions Regarding Detention**

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

David E. Peebles
U.S. Magistrate Judge

Dated: April 24, 2015