UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

-v-                                        Criminal Action No: 08-CR-676 (NAM)

MICHAEL C. WOODS,
**GAETAN DINELLE**,

                Defendants.

_____

## TRIAL MEMORANDUM OF THE DEFENDANT GAETAN DINELLE

DATED:    July 22, 2015                Respectfully submitted,
            Syracuse, New York

                                          s/ *Thomas W. Ryan*

                                          THOMAS W. RYAN
                                          1200 Hills Building
                                          217 Montgomery Street
                                          Syracuse, New York   13202
                                          (315) 476-0781
                                          Bar Roll No: 102315

## STATEMENT OF FACTS

### Overview

The First Superseding Indictment alleges that the thirty-one defendants distributed marijuana to various cities in the United States.  According to the Government, the marijuana originated in Canada and was transported to the St. Regis Mohawk Indian Territory (commonly referred to as "Akwesasne"), which straddles the Canadian/United States Border in the vicinity of the northeast corner of New York State.  The marijuana was then allegedly smuggled across the St. Lawrence River to the American side of the border, where it was given to couriers who transported it to various destinations and delivered it to various customers.

The Indictment alleges that the distribution existed from no later than April 2005 and continued until at least February 2008.  The original Indictment was filed in November 2008, and superseded in October 2009.

### Indictment

The indictment contains the following Counts:

First.  The First Count is asserted against all defendants, and alleges that they conspired to distribute, and to possess with intent to distribute, marijuana, in violation of 21 U.S.C. §§841(a)(1) and (b)(1)(A); and to aid and abet the conspiracy, in violation of 18 U.S.C. §2.  The First Count lists twenty-four overt acts.

Second.  The Second Count is also asserted against all defendants, and alleges that they conspired to unlawfully import marijuana from Canada into the United States, in violation of 21 U.S.C. §952, and to aid and abet the alleged conspiracy in violation of 18 U.S.C. §2.

Third.  The Third Count is asserted against defendants Michael Woods, Gaetan Dinelle, David Taze Duggan, and Jonathan Poitras, and alleges that they conspired to distribute marijuana

knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§959 and 960(a).

Fourth through Eighth.  The Fourth through Eighth Counts are asserted against Mr. Dinelle and specific co-defendants in connection with the alleged seizure of marijuana on specific occasions.  These counts allege possession with intent to distribute, distribution, and aiding and abetting the distribution of marijuana, in violation of 21 U.S.C. §841(b)(1)(C) or (D), and 18 U.S.C. §2.  Counts Four and Eight do not specify any particular weight.  Counts Five, Six, and Seven allege that the distribution involved more than 50 kilograms of Marijuana.  The individuals named in each Count are:

Four:  Michael Woods and Gaetan Dinelle (June 6, 2006).

Five:  Michael Woods, Gaetan Dinelle, and Noel Piette (February 24, 2007).

Six:  Michael Woods, Gaetan Dinelle, April May Lazore, and Ashley Johnson (July 7, 2007).

Seven:  Michael Woods, Gaetan Dinelle, Michelle Daniluck, and Amanda Pond (November 2, 2007).

Eight:  Michael Woods, Gaetan Dinelle, and Jeana MacDonald (January 4, 2008).

Ninth.  Finally, the Ninth Count alleges that defendants Michael C. Woods and Gaetan Dinelle engaged in a Continuing Criminal Enterprise in violation of 21 U.S.C. §848(a) and (c).  It is further alleged that the Enterprise received $10 million in gross receipts during any twelve month period of its alleged existence.  If proven, this enhancement would subject Mr. Woods and Mr. Dinelle to mandatory life sentences.

## DISCUSSION

### I. GAETAN DINELLE'S DEFENSES.

Mr. Dinelle has not asserted any affirmative defenses. He intends to hold the Government to its burden of proof, and maintains that the Government's proof will be insufficient to prove his guilt beyond a reasonable doubt.

### II. CO-CONSPIRATOR EXCEPTION TO THE HEARSAY RULE.

Although it is unknown exactly what evidence the Government will offer at trial, based on the review of the discovery materials it is anticipated that the Government will attempt to use statements of alleged co-conspirators against Mr. Dinelle. Accordingly, the Court may well be required to make rulings on objections to such evidence.

Rule 801(d)(2)(E) provides:

(d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

\* \* \*

(2) *An Opposing Party's Statement.* The statement is offered against an opposing party and:

\* \* \*

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

As stated in *Bourjaily v. United States*, 483 U.S. 171, 175 (1987):  "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'

To be admissible, a co-conspirator statement must be made "during and in furtherance of the conspiracy." *Krulewitch v. United States*, 336 U.S. 440, 443-444 (1949)("This prerequisite

to admissibility, that hearsay statements by some conspirators to be admissible against others must be made in furtherance of the conspiracy charged, has been scrupulously observed by federal courts"). And, as stated in *Lutwak v. United States*, 344 U.S. 604, 618 (1953), "the declarations of a conspirator do not bind the co-conspirator if made after the conspiracy has ended."

> Moreover, confession or admission by one co-conspirator after he has been apprehended is not in any sense a furtherance of the criminal enterprise. It is rather a frustration of it. If, as the Circuit Court of Appeals thought, the maintenance of the plot to deceive the Government was the objective of this conspiracy, the admissions made to the officers ended it. So far as each conspirator who confessed was concerned, the plot was then terminated. He thereupon ceased to act in the role of a conspirator. His admissions were therefore not admissible against his erstwhile fellow-conspirators. Gambino v. United States, 108 F.2d 140, 142-143.

*Fiswick v. United States*, 329 U.S. 211, 217 (1946).

Based on the discovery provided by the Government, the Government took statements from a number of cooperating defendants or co-conspirators who may not be called as witnesses. The undersigned intends to object to any attempt to introduce against defendant Dinelle statements made by such individuals, if made after their arrest and while cooperating with the Government.

### III. REQUEST FOR ATTORNEY CONDUCTED VOIR DIRE

The defendant Gaetan Dinelle requests the opportunity to directly question prospective jurors as part of the jury selection process. The selection of an impartial jury is, of course, crucial to both sides. It has been counsel's experience that personal questioning of prospective jurors facilitates jury selection for both the prosecution and the defense.

### IV. EXERCISE OF PEREMPTORY CHALLENGES

Pursuant to Rule 24 (b)(2) of the Federal Rules of Criminal Procedure, the government is

entitled to exercise a total of 6 peremptory challenges and the defense is permitted 10 challenges. There are two co-defendants who are facing the possibility of a mandatory life sentence in prison. The defendant requests that the court grant the defense additional peremptory challenges as permitted by Rule 24 (b). Each side should be able to exercise its challenges throughout the course of the jury selection process without being restricted to a certain number of challenges per round. Each party should be permitted to exercise its challenges when and as it sees fit.

**V.     REQUEST FOR RULE 403 DETERMINATION**

The defense has received no notice of the government's intention to offer any evidence of any prior bad acts or convictions of the defendant Gaetan Dinelle. In the event that the government intends to offer any such evidence, the defense requests that this Court make a determination prior to commencement of the trial as to the admissibility of any prior bad acts or convictions which the government intends to offer as part of its direct case, or as impeachment in the event the defendant exercises the right to testify on his own behalf. The defense takes the position that any and all such evidence should be precluded pursuant to Fed. R. Evid. 403, because the prejudice against the defendant of such evidence vastly outweighs any probative value it might have.

DATED:     July 22, 2015                                   Respectfully submitted,
           Syracuse, New York

                                                           s/ 𝕿𝖍𝖔𝖒𝖆𝖘 𝖂. 𝕽𝖞𝖆𝖓

                                                           THOMAS W. RYAN
                                                           1200 Hills Building
                                                           217 Montgomery Street
                                                           Syracuse, New York   13202
                                                           (315) 476-0781
                                                           Bar Roll No: 102315