IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No. 5:08-CR-676 (NAM) |
| v. | |
| | |
| GAETAN DINELLE, | GOVERNMENT'S SENTENCING MEMORANDUM |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court sentence the defendant to the mandatory term of life imprisonment.

## INTRODUCTION

On August 5, 2015, Defendant was found guilty by jury trial of Counts 1, 2, 3, and 9 of a Superseding Indictment in the above captioned case, which charged Defendant with: Count 1, conspiracy to possess with intent to distribute and distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), and 846; Count 2, conspiracy to import marijuana into the United States, in violation of Title 21, United States Code, Sections 952, 960(a)(1), 960(b)(1)(G), and 963; Count 3, conspiracy to distribute marijuana for the purposes of unlawful importation, in violation of Title 21, United States Code, Sections 959, 960(a), 960(b)(1)(G), and 963; and Count 9, engaging in a continuing criminal enterprise, in violation of Title 21, United States Code, Sections 848(a) and 848(b).

**Note**:  In cases, such as ours, where a defendant has been convicted of a CCE count and conspiracy counts, the Supreme Court has ruled that the conspiracy counts are lesser included offenses of the CCE and must be dismissed at sentencing to prevent "double jeopardy" for a convicted defendant.  *See* Rutledge v. United States, 517 U.S. 292 (1996).   However, *Rutledge*, and every court to have considered this issue, have also held that the government may later reinstate the dismissed counts should the CCE count, on appeal, be reversed on grounds that do not affect the conspiracy count(s).  *Id*. at 306-307; United States v. Cabaccang, 481 F.3d 1176, 1181 (9th Cir. 2007); United States v. Rosemond, 595 Fed. App. 26 (2d. Cir. 2014)(summary order); *see also* United States v. Weisinger, 2013 WL 3246138 *1 (2d. Cir. 2013)[government granted permission by district court to reinstate lesser included offense in child pornography case in the event conviction for greater offense reversed upon appeal].

**Therefore, the government will move the Court at sentencing to dismiss, without prejudice, Counts 1, 2, and 3, as to both defendants.**

## II

### APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. Statutory Sentencing Provisions

The defendant's conviction on Count 9 subjects the defendant to a mandatory term of life imprisonment, and a maximum fine of $2,000,000 (see 21 U.S.C. § 848(a)).

2. Guidelines Provisions

Count 9 requires a mandatory term of life imprisonment, therefore the guideline sentence is life (*see* PSR at ¶ 68).

3. Forfeiture for Money Judgment

As stated in the preliminary order of forfeiture singed by this Court and filed on October 22, 2015 (docket number 297), the defendant shall forfeit to the United States a money judgment in the amount of $45,000,000, pursuant to Title 21, United States Code, Section 853.

## III

### GOVERNMENT'S SENTENCING RECOMMENDATION

Based on all of the information before the Court, the government respectfully requests that the Court sentence the defendant to the mandatory term of life imprisonment, which sentence would be sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

The government has no objections to either the guidelines calculations or the factual basis contained in the PSR, dated October 26, 2015, and revised December 7, 2015.[1]

Respectfully submitted this 17th day of December, 2015.

                              RICHARD S. HARTUNIAN
                              United States Attorney

                               /s/ Carl G. Eurenius
                By:   Carl G. Eurenius
                              Assistant United States Attorney
                              Bar Roll No. 511746

---

[1] Of note, the government is in receipt of the objections filed on behalf of defendant Dinelle (by letter dated November 6, 2015 (Dkt. No. 299). These objections are addressed by Probation Officer Courtney Tafel in her 12/7/15 addendum to the PSR (Dkt. No. 305 – Court only). In sum, the government agrees with every one of Probation's positions rebutting the defendant's objections, but of course reserves the right to make further argument upon any of these points at sentencing.

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA          Case No. 5:08-CR-676 (NAM)

      v.

GAETAN DINELLE,

      Defendant.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### CERTIFICATE OF SERVICE

    I hereby certify that on December 17th, 2015, I filed the **Government's Sentencing Memorandum** with the Clerk of the District Court and sent copies of said documents via ECF to the counsel of record for the defendant.

                                    */s/ James E. Hendry*
                                    James E. Hendry
                                    Legal Assistant