IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

IN THE MATTER OF THE PETITION OF:

NICOLE DINELLE, for the Return
of Bail Money Posted on Behalf of
Gaetan Dinelle.

---

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. 5:08-CR-0676 (NAM) |
| v. | Criminal Action No. 5:07-CR-0486 (NAM) |
| GAETAN DINELLE, | |
| Defendant. | |

---

APPEARANCES:                                  OF COUNSEL:

FOR THE GOVERNMENT:

HON. RICHARD S. HARTUNIAN                     CARL EURENIUS, ESQ.
United States Attorney for the                Assistant U.S. Attorney
Northern District of New York
100 South Clinton Street
Syracuse, NY 13261

FOR DEFENDANT GAETAN DINELLE:

RYAN LAW OFFICE                               THOMAS W. RYAN, ESQ.
217 Montgomery Street
1200 Hills Building
Syracuse, NY 13202

FOR PETITIONER NICOLE DINELLE:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION

The court is currently holding the sum of $25,000 representing bail money posted on behalf of the defendant in connection with *United States v. Gaetan Dinelle*, No. 5:07-CR-0486 (NAM). Defendant's mother, Nicole Dinelle, has petitioned for the return of the bail money based upon the dismissal of the action against defendant and her claim that she provided the bail monies. For the reasons set forth below, I recommend that an order be issued authorizing the return of the sum of $20,000 to Nicole Dinelle and directing that the remaining $5,000 be deemed as belonging to defendant and paid into the court to partially defray the cost of assigning an attorney to represent him in *United States v. Dinelle*, No. 5:08-CR-0676 (NAM).

I.  BACKGROUND

On July 31, 2007, a criminal complaint was filed with this court by Kevin Merkel, a Special Agent with the Drug Enforcement Agency, accusing defendant Gaetan Dinelle with knowingly and intentionally

possessing, with intent to distribute, and distributing, over one hundred kilograms of marijuana, in violation of 21 U.S.C. § 841. *See United States v. Gaetan Dinelle*, No. 5:07-CR-0486, Dkt. No. 1. Defendant appeared in connection with that complaint before Magistrate Judge Gustave J. DiBianco on that same date and, after being advised of his rights, was held in custody pending a detention hearing to be held before Magistrate Judge George H. Lowe. *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, Minute Entry Dated July 31, 2007.

A detention hearing was subsequently held by Judge Lowe on August 1, 2007. *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, Minute Entry Dated Aug. 1, 2007. The court authorized defendant's release conditioned on, *inter alia*, the posting of a $250,000 bond, to be secured by $25,000 in cash. *Id*. It was contemplated that the $25,000 would be comprised of $15,000 to be transferred from St. Lawrence County Court, where that sum had been posted in connection with state charges pending in that court, and the deposit of an additional $10,000 on or before August 15, 2007.[1] *Id.*

On August 14, 2007, St. Lawrence County Court Judge Jerome J. Richards issued an order reducing defendant's bail in that court from

---

[1] Judge Lowe subsequently extended the deadline for payment of the additional $10,000. *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, Dkt. No. 5.

$15,000 to $5,000 and directing that the remaining $10,000 be remitted directly to the clerk of this court, to be applied as security in *United States v. Gaetan Dinelle*, No. 5:07-CR-0486.[2] Court Exh. 2. The $10,000 was subsequently received by this court on August 17, 2007, and Receipt No. SYR012926 was generated to reflect that St. Lawrence County was the source of those funds. Court Exh. 3.

A second receipt, No. SYR013412, was generated on October 4, 2007, reflecting payment into the court of $5,000, and listing "Gatan [sic] Dinelle" as the payer. Court Exh. 4. The payment referenced in that receipt came in the form of Check or Money Order No. 5614462, dated September 12, 2007, with the remitter being listed as the Toronto-Dominion Bank. Court Exh. 10. A further receipt, No. SYR013456, was generated by the clerk of this court on October 9, 2007, reflecting payment of additional $10,000, in a series of money orders. Court Exh. 5. The payer is listed on that receipt as Nicole Dinelle. *Id.*

An indictment was returned against the defendant on October 31, 2014, accusing him of the same crime that was charged earlier in the criminal complaint filed in *United States v. Gaetan Dinelle*, No. 5:07-CR-0486. *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, Dkt. No. 7. That

---

[2] The order actually references *United States v. Gaetan Dinelle*, No. 7:07-MJ-0262, which was ultimately merged into *United States v. Gaetan Dinelle*, No. 5:07-CR-0486 when defendant Dinelle was indicted.

indictment was ultimately dismissed by order entered on May 6, 2008. *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, Dkt. No. 29.

On November 6, 2008, an indictment was returned against defendant Dinelle and thirty-three co-defendants, charging them with various crimes in connection with an alleged marijuana importation and distribution conspiracy. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 1. A first superseding indictment setting forth similar charges was returned in the matter on October 8, 2009. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 60.

Following his transfer by Canadian authorities into the custody of the United States Marshal Service, defendant Dinelle was brought before the court on March 26, 2015, for an initial appearance and arraignment relating to the indictment in *United States v. Gaetan Dinelle*, No. 5:08-CR-0676. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Text Minute Entry Dated Mar. 26, 2015. At that initial appearance, defendant Dinelle completed a CJA financial affidavit, requested that he be assigned an attorney to represent him in the matter, and waived his right to a detention

hearing.[3] *Id.*; *see also United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 223. At defendant's request, however, a detention hearing was subsequently conducted in the matter on April 22, 2015. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Text Minute Entry Dated Apr. 22, 2015. The court issued an order on April 24, 2015, directing that the defendant be detained pending trial. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 229.

Beginning on July 28, 2015, a five-day trial was held before Senior District Judge Norman A. Mordue to address the charges against defendant Dinelle and one of his co-defendants, Michael Woods. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Text Minute Entries Dated July 28-31, 2015, Aug. 3-4, 2015. At the close of that trial, defendant Dinelle was found guilty on all counts submitted to the jury. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 280. In addition, the jury found that defendant Dinelle was a principal, administrator, leader, or organizer of an enterprise that received $10 million in any twelve-month period of its existence for the importation or distribution of marijuana. *Id.* Defendant Dinelle was sentenced to life in prison as a result of that

---

[3] Plaintiff's request for the appointment of an attorney was granted, and John Kinsella, Esq., was originally assigned to represent him. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 222. Attorney Kinsella was later relieved, at defendant's request, and Thomas Ryan, Esq., was appointed in his place in July 2015. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. Nos. 235, 236.

conviction on January 21, 2016. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Text Minute Entry Dated Jan. 21, 2016.

II. PROCEDURAL HISTORY

By petition dated July 23, 2015, Nicole Dinelle ("petitioner"), the mother of defendant Dinelle, has requested the return of $25,000 in bail monies posted in connection with *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, the dismissed action. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 289. The matter has been referred to me for the issuance of a report and recommendation concerning petitioner's application for the release of funds. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 290.

A hearing was held in connection with the pending petition, beginning on January 14, 2016, and continued on January 21, 2016. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Text Minute Entries Dated Jan. 14-15, 2016. There was no appearance by or on behalf of petitioner at either of those proceedings. On January 21, 2016, testimony was elicited from defendant Dinelle, and the following documents were marked and received in evidence in connection with the matter:

| Exhibit | Description |
|---|---|
| Court Exh. 1 | Letter, dated July 3, 2015, addressed "to whom it may concern" from Sylvie Perreault, Branch Manager for the Royal Bank of Canada, with attached transaction history |

7

| Court Exh. 2 | Order issued by Hon. Jerome J. Richards, St. Lawrence County Court Judge, dated August 14, 2007. |
| --- | --- |
| Court Exh. 3 | Northern District of New York Receipt No. SYR012926, reflecting payment of $10,000 |
| Court Exh. 4 | Northern District of New York Receipt No. SYR013412, reflecting payment of $5,000 |
| Court Exh. 5 | Northern District of New York Receipt No. SYR013456, reflecting receipt of payments totaling $10,000 |
| Court Exh. 6 | Indictment against defendant Dinelle in *United States v. Gaetan Dinelle*, No. 5:07-CR-0486 |
| Court Exh. 7 | Order for dismissal, dated May 6, 2008, entered in *United States v. Gaetan Dinelle*, No. 5:07-CR-0486 |
| Court Exh. 8 | Order dated August 1, 2008, issued by Hon. Jerome J. Richards, St. Lawrence County Court Judge, to exonerate and assign-cash bail |
| Court Exh. 9 | Letter dated August 27, 2007, from Stanley L. Cohen, Esq., attorney for defendant Dinelle, to United States Magistrate Judge George H. Lowe |

Following the hearing, the court was able to obtain further information concerning the $5,000 payment that was received by the court on October 4, 2007 and reflected in Court Exhibit 4. An additional exhibit, Court Exhibit 10, was marked, representing a screen shot reflecting that the payment was made by Check or Money Order No. 5614462, dated September 12, 2007, from the Toronto-Dominion Bank. The exhibit was forwarded to the parties as an attachment to an order dated January 25, 2016, and the parties were given until February 15, 2016, to make any further submissions in light of this additional development. *United States v. Gaetan Dinelle*, No. 5:08-CR-0676, Dkt. No. 330. None of the parties to the proceeding availed themselves of this opportunity.

Based upon the parties' submissions and the evidence adduced, I respectfully submit this report and recommendation.

III. DISCUSSION

As the government concedes, the $25,000 in bail posted to secure the appearance of defendant Dinelle in *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, was subject to return upon dismissal of the indictment in that action, notwithstanding the commencement of a separate, but related, criminal action against defendant Dinelle, and despite the fact that defendant Dinelle became a fugitive in connection with the subsequent case, *United States v. Gaetan Dinelle*, No. 5:08-CR-0676. The issue now presented is precisely who is entitled to recover the exonerated bail.

There appears to be little controversy with respect to $20,000 of the bail monies at issue. Petitioner is listed as having posted the $15,000 in St. Lawrence County on or about June 5, 2006. Court Exh. 1. Ten-thousand dollars of that amount was forwarded by St. Lawrence County Court directly to this court, Court Exh. 3, and is therefore appropriately credited to her. Similarly, it appears uncontroverted that the $10,000 received on or about October 9, 2007, in the form of various money orders, as reflected in Receipt No. SYR014456, lists petitioner as the source of those funds. Court Exh. 5.

Accordingly, the issue is who is entitled to the remaining $5,000. During the recent hearing, defendant Dinelle testified that the $5,000 at issue did not come from him, and that he believed his mother was responsible for that portion of his bail, as well. Defendant's testimony, however, was not particularly persuasive because it was given after the court announced its intention, should it conclude that the money came from him, to recommend that the $5,000 be applied toward the costs of providing him with assigned counsel in *United States v. Gaetan Dinelle*, No. 5:08-CR-0676.

The limited evidence available with regard to the disputed $5,000 payment convinces me that it came from defendant Dinelle. Unfortunately, when the payment was received, the actual check or money order was not scanned into the system or otherwise preserved. The money, however, apparently came from the Toronto-Dominion Bank, a different financial institution than the RBC Royal Bank of Canada, from which the $15,000 paid to the St. Lawrence County Court by petitioner originated. Court Exh. 1. Unlike the receipts for the other monies received, the receipt for the $5,000 lists "Gatan [sic] Dinelle" as a payer and despite the defendant's name, includes his correct address. Court Exh. 4.

Based upon the foregoing circumstances, I conclude that $20,000 of the $25,000 bail monies was paid by petitioner and should be returned to her. I further find, however, that the remaining $5,000 was paid by defendant Dinelle, and should be applied by the court to partially defray the expense of assigning him an attorney in the second action.[4] *See* 18 U.S.C. § 3006A(f) ("Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished with representation, it may authorize or direct that such funds be paid to . . . the court for deposit in the Treasury as a reimbursement to the appropriation. . . to carry out the provisions of this section."); *see also* Part A.IV.C., Amended Plan to Implement the Criminal Justice Act of 1964 ("If a CJA applicant's net financial resources are insufficient to pay fully for retained counsel, counsel may be appointed under the Act, and the CJA applicant may be directed to make partial payment of attorney's fees to the Clerk of the Court under the guidelines as established by the Judicial Conference.").

---

[4] During the hearing, I asked the government whether the money should be applied to offset the cost of providing CJA counsel, or instead to partially satisfy the money judgment that was entered based upon the court's sentence in the second action. Assistant United States Attorney Carl Eurenius stated that the government's position was that the money should be first applied to reimburse the court for the expense of providing assigned counsel to defendant.

IV. <u>SUMMARY AND RECOMMENDATION</u>

In light of the dismissal of *United States v. Gaetan Dinelle*, No. 5:07-CR-0486, the $25,000 paid to secure defendant's appearance in that matter is subject to return to the person or persons that paid that amount into the court. Based upon my finding that $20,000 of that amount originated with petitioner, Nicole Dinelle, while $5,000 was paid by defendant Gaetan Dinelle, it is hereby respectfully

RECOMMENDED that an order be issued authorizing and directing the clerk to forward $20,000 of the disputed bail monies to petitioner Nicole Dinelle, and that the remaining $5,000 be deemed to have been posted by defendant Gaetan Dinelle and be transferred to the court's CJA registry and applied toward the expense of providing defendant Dinelle with assigned counsel in *United States v. Gaetan Dinelle*, No. 5:08-CR-0676.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: February 23, 2016
Syracuse, New York